UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-23788-CIV-SEITZ/WHITE

RICHARD LINHART,

    Petitioner,

v.

EDWIN G. BUSS,

    Respondent.

_____/

## ORDER DENYING MOTION FOR REHEARING

THIS MATTER is before the Court upon the Petitioner's Motion for Rehearing [DE-25], which the Court will treat as a motion for reconsideration of its Order Affirming Magistrate Report, Closing Case, and Denying Certificate of Appealability [DE-21]. Petitioner asserts the Court erred when it adopted the Report of Magistrate [DE-17] and denied Petitioner Linhart's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Linhart's Petition raised nine grounds for relief. The Report concluded that Linhart entered into a valid sentencing agreement and, based on that agreement, his first three claims had been waived and his remaining claims regarding ineffective assistance of trial counsel had also been waived. The Report also recommended denying Linhart's remaining claims of ineffective assistance of sentencing counsel. Linhart filed Objections [DE-18] to the Report. In its Order Affirming Magistrate Report, Closing Case, and Denying Certificate of Appealability, the Court addressed each of the Objections and found them without merit. Linhart now seeks reconsideration of that order. Because Linhart has failed to establish that the Court committed clear error, his Motion is denied.

## I. Petitioner's Claims and Objections

Linhart raised nine claims in his Petition, which the Report set out as:

1. His due process rights were violated when the Florida Third District Court of Appeal affirmed the trial court's order denying his motion for postconviction relief when the trial court failed to attach to the Order portions of the file or records to support the denial, failed to order an evidentiary hearing, and made findings of fact and conclusions of law contrary to the record and/or the law.

2. His due process rights were violated in the appeal from the denial of his motion for postconviction relief, because the Clerk of Court, Miami-Dade County Circuit Court failed to transmit the full record to the Florida Third District Court of Appeal as required by well-established Florida Rules and as requested.

3. His due process rights were violated in the appeal from the denial of his motion for postconviction relief, because the appellate court affirmed the denial of relief where the trial court had failed to allow him to amend the motion for postconviction relief.

4. He received ineffective assistance of trial counsel, because his lawyer failed to investigate and raise issues of tampering with evidence, lack of original evidence, and violation of rules of discovery, which would have resulted in suppression of evidence and an acquittal at trial.

5. He received ineffective assistance of trial counsel, because his lawyer failed to object to the prosecutor's misstatements of the law made to the court in response to his motion for judgment of acquittal regarding the lewd and lascivious battery charge.

6. He received ineffective assistance of trial counsel, because his lawyer failed to present an entrapment defense at trial.

7. He received ineffective assistance of trial counsel, because his lawyer failed to file a motion to suppress his incriminating post-arrest statements as involuntarily made and coerced.

8. He received ineffective assistance of sentencing counsel, because his lawyer improperly advised him to waive his right to pursue post-conviction relief in that counsel was attempting to prevent him from raising claims of ineffective representation of counsel at sentencing and trial.

9. He received ineffective assistance of counsel with regard to his sentence, because his lawyer erroneously advised him regarding his eligibility for work-release programs.

After the Magistrate Judge issued his Report, Linhart raised seventeen objections. In its Order

Affirming Magistrate Report, Closing Case, and Denying Certificate of Appealability, the Court addressed each of the Objections and overruled them all.

## II. Petitioner's Motion

Linhart has raised four bases for his motion for reconsideration, in numbered paragraphs.[1] There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.* 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Linhart appears to be arguing that the Court committed clear error. In order to demonstrate clear error, the moving party must do more than simply restate previous arguments. *Bautista v. Cruise Ships Catering & Service Intern'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court . . . already thought through-rightly or wrongly . . . The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted and brackets omitted). Thus, a "motion for reconsideration cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of the [challenged order]. This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted). Linhart has failed to meet this standard because he has done nothing more than restate previous arguments or raise arguments that were previously available.

First, Linhart argues that the Court erred in stating that Linhart had not objected to the

---

[1] The Court will address each by reference to the number of the paragraph.

Magistrate Judge's denial of Claim 8, a claim of ineffective assistance of sentencing counsel. Linhart asserts that his Objection 11 was an unequivocal objection to the Report's findings and recommendation as to Claim 8. However, a review of Objection 11, as stated in the Court's Order Affirming Magistrate Report, indicates that it is not a clear objection because it does not specifically set out errors of fact or law made by the Magistrate Judge. Further, as previously found Linhart did not meet either prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), both of which must be met in order to prevail on an ineffective assistance of counsel claim.

Second, focusing on his Objections 5 and 17, Linhart asserts that the Court erred in relying on *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), in finding that Linhart had waived his ineffective assistance of sentencing counsel claims in the sentencing agreement. In his second argument, Linhart also argues that the Court erred in addressing the merits of his claim when it found that he had failed to show prejudice under *Strickland*. Linhart specifically argues that the Court wrongly concluded that "No matter what, he would not have received a lesser sentence" because he received the minimum for his offense. Linhart asserts that this is incorrect because the judge had discretion to give him less. However, even if the Linhart could have received a lesser sentence than he received, Linhart still did not establish prejudice. In order to meet the prejudice prong of *Strickland*, Linhart must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Linhart did not establish there was a reasonable probability that he would have received a lesser sentence in his Petition, his Objections, or in the instant motion. Thus, regardless of the Court's reliance on *Williams*, Linhart did not establish the merits of his claim.

4

Third, Linhart argues that the Court erred, in relation to Claim 9, in finding that he had not shown that the state court's denial of his ineffective assistance of counsel claim violates a clearly established federal law. However, Linhart has still not shown that he suffered any prejudice as a result of the alleged ineffective assistance of counsel. Further, the arguments raised in paragraph 3, were previously raised and rejected by the Court in overruling Objection 6.

Fourth, and last, Linhart again raises the issue of the validity of the sentencing agreement, as he did in Objection 7. The Court previously addressed this issue and Linhart has not raised any new arguments. Additionally, Linhart argues that the Court was incorrect in finding that Claims 1, 2, and 3 were not appropriate for federal habeas proceedings. However, Linhart presents no arguments to support this conclusion.

Accordingly, it is hereby

ORDERED that Petitioner's Motion for Rehearing [DE-25] is DENIED.

DONE and ORDERED in Miami, Florida, this __15__ day of January, 2013.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record/*Pro se party*

5